TORRUELLA, Circuit Judge.
(Concurring).
Although I join the court’s opinion finding that Magee waived any challenge to the district court’s drug quantity calculation, I write separately to note my continuing disagreement with the government’s practice of charging relatively minor crimes, while using section lB1.3(a) of the Sentencing Guidelines (allowing for consideration of “relevant [uncharged] conduct”) to argue for significantly enhanced terms of imprisonment. United States v. St. Hill, 768 F.3d 33, 36 (1st Cir. 2014). As I argued in St Hill, it is constitutionally suspect to drastically increase a defendant’s sentence based on conduct that was neither proven beyond a reasonable doubt nor to which the defendant plead guilty. 768 F.3d at 39-42 (Torruella, J., concurring).
This case provides the perfect example of how egregious this enhancement may be. Magee pled guilty to four drug charges, encompassing conduct that had a total cocaine amount of 40.8 grams (three separate sales of 3.5 grams plus 29.3 grams seized in his home). This, along with his criminal history, would have resulted in a sentencing range of, at most, 18 to 24 months’ imprisonment. U.S.S.G. § Dl.l(c)(14) (providing an offense level of 12 when the cocaine amount is less than 50 grams).[9] Instead, when relevant related *39 conduct was taken into consideration, Ma-gee was sentenced based on a significantly larger amount of cocaine (1,220.1 grams, supra, at 35-86). This resulted in a sentencing range of 70 to 87 months’ imprisonment. In other words, Magee’s sentence was enhanced by a minimum of almost four years (nearly quadrupling his total sentence) on the basis of conduct that was neither part of his guilty plea nor proven beyond a reasonable doubt. If the government wishes to hold Magee accountable for distributing 1,220.1 grams of cocaine then it should charge him with offenses that contain a corresponding amount of cocaine.[10] Nevertheless, because Magee appeared to waive this issue I join the majority’s opinion.

. Combined with the two-point dangerous-weapon enhancement, two-point obstruction-of-justice enhancement and three-point acceptance-of-responsibility reduction this produces a total offense level of 13. Supra note 2, at 4. If we assume, as the district court appeared to do, a criminal history category of, at most, III, this produces the sentencing range of 18 to 24 months’ imprisonment. See U.S.S.G. at Sentencing Table.

. As the government stated in its brief: After taking the quantities included in the charges into account "only 350 additional grams of cocaine were needed to put the quantity within the range of 500 grams to 2 kilograms” for which the government wanted to hold him accountable. Put differently, this means that less than a third of the minimum amount required for a base offense level of 24 was included in the indictment.